UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                        Case No. 13-20601
                                                 Honorable Thomas L. Ludington

v.

FERNANDO CASTILLO,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY**

Fernando Castillo has been charged, by complaint, with delivering controlled substances in violation of 21 U.S.C. § 841(a)(1). On November 8, 2013, Castillo filed a unique motion requesting "that this Court Order that the government must disclose to Defense Counsel all information relating to potentially exculpatory evidence concerning the activities and credibility of the informant utilized by investigators in the investigation of Defendant." Def.'s Mot. 4, ECF No. 20. Specifically, Castillo indicates that discovery has revealed numerous activities between law enforcement and a certain confidential informant, and that he would like "discovery of potentially exculpatory evidence regarding the confidential informant . . . ." *Id*. at 1.

Of course, pursuant to *Brady v. Maryland*, the prosecution may not suppress "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The Supreme Court has since held this duty to disclose applies even when there has been no request by the accused, *United States v. Agurs*, 427 U.S. 97, 107 (1976), that the duty encompasses impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667,

676 (1985), and that the duty even reaches evidence "known only to police investigators and not to the prosecutor." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

At this point, however, Castillo does not argue that the government has suppressed any evidence; he simply demands any "potentially exculpatory evidence regarding the confidential informant in this cause . . . ." Def.'s Mot. 1. The government responded and noted that it "intends to fully comply with its discovery obligations." Pl.'s Resp. 2, ECF No. 21. Thus, there is no dispute here. If the government fails to disclose exculpatory evidence, then motion practice would be appropriate. Until that time, the government will be expected to disclose all materials obligated under *Brady*.

Accordingly, it is **ORDERED** that Castillo's motion, ECF No. 20, is **DENIED** as moot.

Dated: November 26, 2013                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 26, 2013.
                              s/Tracy A. Jacobs
                              TRACY A. JACOBS